**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| BYTEMARK, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 18-834-LPS |
| v. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| TOKEN TRANSIT, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT TOKEN TRANSIT INC.'S**
**ANSWER TO FIRST AMENDED COMPLAINT**

Defendant Token Transit, Inc. ("Token Transit" or "Defendant"), by its attorneys, hereby submits this Answer in response to Plaintiff Bytemark, Inc.'s ("Bytemark" or "Plaintiff") First Amended Complaint:

**NAURE OF THE ACTION**

1. Token Transit admits that this is a Complaint for alleged patent infringement under the Patent Act.

**PARTIES**

2. Token Transit admits that Bytemark is a Delaware corporation with a place of business at 268 W 44th Street, 3rd Floor, New York, New York 10036.

3. Token Transit is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 3, and therefore denies them.

4. Token Transit admits that it is a Delaware corporation existing under the laws of the state of Delaware and founded in San Francisco, California, with a place of business at 3425 19th Street #17, San Francisco, California 94110.

5. Token Transit admits that it provides mobile ticketing technologies to municipal transit agencies and sells a mobile ticketing app through which consumers can purchase and use transit tickets on their smartphones or other mobile devices.

6. Token Transit admits that it advertises, sells, and conducts business throughout the United States, including within this District in the State of Delaware. Token Transit admits further that it is in the business of offering for sale and selling its mobile ticketing systems in the United States.

**JURISDICTION**

7. Token Transit admits that this action purports to arise under the patent laws of the United States and that this Court has subject matter jurisdiction over this action under 28 U.S.C. Section 1331 and 1338(a).

8. Token Transit does not contest for the purposes of this action that venue is proper. Token Transit denies that it has committed any acts of infringement.

9. Token Transit does not contest for the purposes of this action that this Court has personal jurisdiction over Token Transit in this action.

**BACKGROUND**

10. Token Transit is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 10, and therefore denies them.

11. Token Transit admits that it bids to provide mobile ticketing services to municipal transit agencies and other entities across the nation. Token Transit denies any remaining allegations of Paragraph 11.

12. Token Transit admits that it has offered for sale and/or sold its application and system, including but not limited to the Token Transit app, to municipal transit agencies

including DART in Sussex County, Delaware, RTS in Humboldt, California, Vine Transit in Napa, California, Big Blue Bus in Santa Monica, California, Gary Public Transit in Gary, Indiana, Citilink in Fort Wayne, Indiana, Riverside Transit in Riverside, California, Starmetro in Tallahassee, Florida, Startran in Lincoln, Nebraska, Kern Transit in Kern County, California, Anaheim Resort Transportation in Anaheim, California, The Bus in Springfield, Missouri, Metro Transit in Kalamazoo, Michigan, and Champaign-Urbana MTD in Champaign-Urbana, Illinois, among others. Token Transit denies any remaining allegations of Paragraph 12.

13. Token Transit admits that it offers for sale and sells its application and system, the Token Transit app, in the United States and the State of Delaware, including through its interactive website, www.tokentransit.com. Token Transit admits that transit users can enter a phone number at the Token Transit website and Defendant will text the user a link to download the Token Transit application. Token Transit admits that the Token Transit app is also available for download from Google Play and the Apple App Store. Token Transit denies any remaining allegations of Paragraph 13.

14. Token Transit denies that it had knowledge of U.S. Patent No. 9,239,993 (the "'993 Patent") prior to this lawsuit. Token Transit is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 14, and therefore denies them.

15. Token Transit admits that it offers for sale and sells its mobile ticketing application. Token Transit denies the remaining allegations in Paragraph 15.

**THE ’993 PATENT AND PLAINTIFF’S V3 TICKETING TECHNOLOGY**

16. To the extent a response is required, Token Transit admits that the ‘993 Patent discloses and claims a system and method of electronic ticketing such that the ticket is verified at the entrance of venues. Token Transit denies the remaining allegations in Paragraph 16.

17. To the extent a response is required, Token Transit admits that the ’993 Patent is directed to the mobile ticketing verification process by “providing a human perceptible visual display that the venue can rely on to verify the ticket without using a scanning device.” Token Transit denies the remaining allegations in Paragraph 17.

18. To the extent a response is required, Token Transit admits that the specification of the ’993 Patent asserts that under old electronic ticket verification systems, an “electronic ticket was displayed as a bar code on the recipient’s telephone display screen.” Token Transit admits that the specification asserts further that these systems were “fraught with error” and because bar-code scanners were “not designed to read a lit LCD screen displaying a bar code,” the “reflectivity of the screen can defeat the scanning process.” Token Transit denies the remaining allegations in Paragraph 18.

19. Token Transit admits that the ’993 Patent presents asserts that it offers a solution over prior art bar coding. Token Transit denies the remaining allegations in Paragraph 19.

20. Token Transit is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 20, and therefore denies them.

21. Admitted that Bytemark’s website identifies its “mobile ticketing platform” as being “built with proprietary patented technology” and that it references the ’993 patent. Token Transit denies the remaining allegations in Paragraph 21.

## DEFENDANT'S INFRINGING APPLICATION AND SYSTEM

22. To the extent a response is required, Token Transit admits that its app is a universal "easy-to-use mobile app for riders to pay their bus fare using their smartphones."

23. To the extent a response is required, Token Transit admits that its app allows a user to set up an account with a credit or debit card. Upon setting up an account, a user may select and purchase a fare using the credit or debit card on account.

24. To the extent a response is required, Token Transit admits that after the purchase is processed and confirmed, a "stored pass" appears in the user's "pass wallet." To use his or her pass, a user taps the stored pass to "activate" and shows the bus driver the screen of his or her phone.

25. To the extent a response is required, Token Transit admits that in some implementations its app shows an image and/or moving text as well as a decrementing timer. Token Transit denies the remaining allegations of this Paragraph 25.

26. To the extent a response is required, Token Transit admits that its app visually distinguishes expired tickets from valid tickets. Token Transit denies the remaining allegations of this paragraph 26.

27. To the extent a response is required, Token Transit admits that its app is "live in nearly 30 cities across the country."

## COUNT ONE

## INFRINGEMENT OF U.S. PATENT NO. 9,239,993

28. To the extent a response is required, Token Transit restates and incorporates by reference its responses to the allegations contained in Paragraphs 1-27 as though fully set forth herein.

29. Token Transit denies that its mobile ticketing application and system infringes any claim of the ’993 patent.

30. Token Transit admits that its app is used by various transit agencies including Big Blue Bus in Santa Monica CA, Long Beach Transit in Long Beach, CA, DART in Sussex County DE, and MCAT in Manatee County, FL. Token Transit admits that its system employs back-end server system interaction with an application on a smart phone such as an Android phone or iPhone (a user’s computer device). Token Transit denies the remaining allegations of this Paragraph 30.

31. Token Transit admits that its application and system enable the user to buy tickets online and to provide a visual image indicating the possession of a purchased electronic ticket to a ticket taker (bus driver). Token Transit denies the remaining allegations of this Paragraph 31.

32. Token Transit admits that the user’s smart phone is in communication with a Token Transit server system for purchasing of tickets. Token Transit denies the remaining allegations of this Paragraph 32.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

## PRAYER FOR RELIEF

Token Transit denies that Plaintiff is entitled to any relief whatsoever against Token Transit in this action.

## DEFENSES

Without any admission as to the burden of proof or as to any of the allegations of the Amended Complaint, Token Transit states the following defenses. In addition to the defenses set forth herein, Token Transit expressly reserves the right to assert any defenses or affirmative defenses under the Federal Rules of Civil Procedure, the patent laws of the United States, and any other defense, at law or in equity, that may now exist or in the future become known or available based upon discovery and further investigation in this case.

### FIRST DEFENSE

### (Failure to State a Claim)

1. Bytemark fails to state any claim upon which relief may be granted.

### SECOND DEFENSE

### (Non-infringement)

2. Bytemark does not and has not directly or indirectly infringed, literally or under the doctrine of equivalents, any asserted claims of the ’993 patent.

**THIRD DEFENSE**

**(Invalidity)**

3. Each asserted claim of the ’993 patent is invalid and/or unenforceable for failing to comply with one or more of the requirements for patentability under the patent laws of the United States, including but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112.

**FOURTH DEFENSE**

**(Estoppel)**

4. Bytemark is estopped from construing any valid claim of any of the asserted patents to cover or include, either literally or by application of the doctrine of equivalents, any product or service manufactured, used, imported, sold, or offered by Renesas because of the admissions and statements made to the U.S. Patent and Trademark Office during prosecution of the application leading to the issuance of the ’993 patent and/or Inter Partes Review.

**FIFTH DEFENSE**

**(No Willful Infringement)**

5. Token Transit has not intentionally, willfully, or deliberately infringed any claim of the ’993 patent.

## PRAYER FOR RELIEF

WHEREFORE, Defendant Token Transit respectfully requests that the Court deny Bytemark any relief in this action.

## DEMAND FOR TRIAL BY JURY

Token Transit hereby demands trial by jury on all issues that are triable by jury.

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

By: */s/ Jennifer Penberthy Buckley*

David E. Moore (#3983)
Bindu A. Palapura (#5370)
Stephanie E. O'Byrne (#4446)
Jennifer Penberthy Buckley (#6264)
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
dmoore@potteranderson.com
bpalapura@potteranderson.com
sobyrne@potteranderson.com
jbuckley@potteranderson.com

*Attorneys for Defendant Token Transit, Inc.*

OF COUNSEL:

Sherman W. Kahn
Jason R. Bartlett
Jason A. Crotty
MAURIEL KAPOUYTIAN WOODS LLP
275 Battery Street, Suite 480
San Francisco, CA 94111
Tel: (415) 738-6228

Sherman W. Kahn
MAURIEL KAPOUYTIAN WOODS LLP
15 W. 26th Street, Floor 7
New York, NY 10010
Tel: 212-529-5131

Dated: July 30, 2018
5880768 / 45197